LITTLER MENDELSON
A Professional Corporation
Gregory B. Reilly (GR-6189)
Attorneys for Defendant
Zurich American Insurance Company
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRNA E. MARTINEZ-SANTIAGO,<br><br>Plaintiff,<br><br>-against-<br><br>ZURICH NORTH AMERICA INSURANCE CO.,<br><br>Defendant. | INDEX NO.: 07-8676 (RJH)<br><br>**ANSWER AND DEFENSES**<br>**TO AMENDED COMPLAINT** |

Defendant Zurich American Insurance Company, incorrectly sued as Zurich North America Insurance Co. ("Defendant"), by its undersigned counsel, Littler Mendelson, P.C., hereby answers the Amended Complaint ("Complaint") of Plaintiff Mirna E. Martinez-Santiago ("Plaintiff") as follows:

**NATURE OF THE ACTION**

1.   Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to state a claim for race and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), the New York State Human Rights Law, Executive Law § 290 *et seq.* (the "NYSHRL") and the New York City Human Rights Law, Administrative Code, §8-101 *et seq.* (the "NYCHRL").

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff purports to state a claim for attorneys' fees and costs.

## JURISDICTION AND VENUE

3. Denies the allegations contained in paragraph 3 of the Complaint, except states that the allegations contained in paragraph 3 of the Complaint constitute legal arguments and conclusions to which no response is required.

4. Denies the allegations contained in paragraph 4 of the Complaint, except states that the allegations contained in paragraph 4 of the Complaint constitute legal arguments and conclusions to which no response is required.

5. Denies the allegations contained in paragraph 5 of the Complaint, except states that the allegations contained in paragraph 5 of the Complaint constitute legal arguments and conclusions to which no response is required.

## THE PARTIES

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits Zurich previously employed Plaintiff.

8. Denies the allegations contained in paragraph 8 of the Complaint, except states that the allegations that Zurich is an "employer" as defined under Title VII, the NYSHRL and NYCHRL constitutes legal arguments and conclusions to which no response is required except admits that Zurich maintains offices in New York at One Liberty Plaza, New York, New York and has more than 500 employees.

## **THE FACTS**

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits Zurich hired Plaintiff on September 3, 2002.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint, except admits Christopher Troisi, Team Manager, was Plaintiff's supervisor.

13. Denies the allegations contained in paragraph 13 of the Complaint, except states that employees may work from home depending upon the circumstances.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint, except states that Plaintiff was pregnant in 2003.

17. Denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiff requested to work from home, and Zurich granted her request.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiff requested to work from home to care for her newborn son, and Zurich denied her request.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except admits that one of Plaintiff's co-workers worked from home five days per week.

24. Denies the allegations contained in paragraph 24, except admits that Plaintiff met with Messrs. Trioisi and Baney and discussed Plaintiff's request to work from home.

25. Denies the allegations contained in paragraph 25 of the Complaint, except states that the May 17, 2004 e-mail speaks for itself.

26. Denies the allegations contained in paragraph 26, except admits that Zurich requested that Plaintiff meet with Mr. Trioisi and a representative from Zurich's Human Resources department to discuss her request to work from home.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint, except admits that on or about July 26, 2004 Plaintiff returned to full-time work at Zurich.

29. Denies the allegations contained in paragraph 28 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint, except admits that Zurich assigned new cases to Plaintiff and Plaintiff resigned.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint, except admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

35. Denies the allegations contained in paragraph 35 of the Complaint.

36.  Denies the allegations contained in paragraph 36 of the Complaint, except admits that the EEOC issued Plaintiff a Notice of Right to Sue on June 29, 2007.

37.  Denies the allegations contained in paragraph 37 of the Complaint.

## DAMAGES

38.  Denies the allegations contained in paragraph 38 of the Complaint.

## COUNT ONE
### ("Alleged Title VII Discrimination and Retaliation")

With regard to the preface to Count One, Zurich repeats and realleges its responses to paragraphs 1 through 38 as if each were fully set forth herein.

39.  Denies the allegations contained in paragraph 39 of the Complaint, except states that the allegations contained in paragraph 39 of the Complaint constitute legal arguments and conclusions to which no response is required.

40.  Denies the allegations contained in paragraph 40 of the Complaint.

41.  Denies the allegations contained in paragraph 41 of the Complaint.

42.  Denies the allegations contained in paragraph 42 of the Complaint.

43.  Denies the allegations contained in paragraph 43 of the Complaint.

## COUNT TWO
### ("Alleged NYSHRL Discrimination and Retaliation")

44.  With regard to paragraph 44 of the Complaint, Zurich repeats and realleges its responses to paragraphs 1 through 43 as if each were fully set forth herein.

45.  Denies the allegations contained in paragraph 45 of the Complaint, except states that the allegations contained in paragraph 45 of the Complaint constitute legal arguments and conclusions to which no response is required.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

### COUNT THREE
### ("Alleged NYCHRL Discrimination and Retaliation")

50. With regard to paragraph 50 of the Complaint, Zurich repeats and realleges its responses to paragraphs 1 through 49 as if each were fully set forth herein.

51. Denies the allegations contained in paragraph 51 of the Complaint, except states that the allegations contained in paragraph 51 of the Complaint constitute legal arguments and conclusions to which no response is required.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

Denies that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF" and "WHEREFORE" clauses of the Complaint, or to any relief at all, from Zurich.

### DEFENSES TO THE COMPLAINT

### FIRST DEFENSE

56. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

6

## SECOND DEFENSE

57. Plaintiff's claims are barred, in whole or in part, because, on information and belief, she failed to adequately mitigate her alleged damages.

## THIRD DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## FOURTH DEFENSE

59. Upon information and belief, Plaintiff's NYCHRL claims should be dismissed for failure to serve a copy of the Complaint and Amended Complaint upon the New York City Commission on Human Rights and the Corporation Counsel.

## FIFTH DEFENSE

60. Plaintiff's claims are barred, in whole or in part, because the employment actions about which she complains were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## SIXTH DEFENSE

61. Insofar as Plaintiff purports to allege a claim or claims for physical or mental emotional distress, pain or suffering, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York's Workers' Compensation Law.

## SEVENTH DEFENSE

62. Plaintiff's claims are bared, in whole or in part, because she was employed with Zurich on an "at-will" basis.

## EIGHTH DEFENSE

63. Because no discovery has been taken at this stage of the case, Zurich reserves the right to file and serve additional defenses, as appropriate.

WHEREFORE, Defendant Zurich American Insurance Company respectfully requests that the relief sought by Plaintiff be denied and that the Amended Complaint be dismissed with prejudice, together with costs, disbursements and reasonable attorneys' fees and such further relief as is just and proper.

LITTLER MENDELSON, P.C.

By: _____
Gregory B. Reilly (GR-6189)
Attorneys for Defendant
885 Third Avenue, 16th Floor
New York, New York 10022
(212) 583-9600

Dated: February 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the preceding Answer and Defenses to the Amended Complaint on behalf of Defendant Zurich American Insurance Company, to be served upon plaintiff via ECF to:

Lee Nuwesra (LN-5851)
Law Offices of Lee Nuwesra
60 East 42nd Street, Suite 838
New York, New York 10017



_____
Gregory B. Reilly

Dated: February 15, 2008